**Orville SHOAF**

v.

**TRIANGLE PUBLICATIONS, INC.**

**Civ. No. 41117.**

United States District Court
E. D. Pennsylvania.

Oct. 11, 1967.

Harold E. Kohn, William T. Coleman, Jr., David H. Marion, Philadelphia, Pa., for petitioner.

Michael H. Malin, Philadelphia, Pa., for respondent.

### OPINION

MASTERSON, District Judge.

Plaintiff, Orville Shoaf, commenced a treble damage antitrust action against the defendant, Triangle Publications, Inc., alleging a violation of §§ 1 and 2 of the Sherman Act. Defendant counter-claimed and now moves for summary judgment on Count I of his counterclaim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure [1] alleging that the plaintiff owes defendant $3,142.57 for newspapers sold and delivered to the plaintiff on a running account. Plaintiff has admitted by answer that he received and agreed to pay for the newspapers in question. Plaintiff defends his non-payment on the ground that the debt incurred was a result of defendant's resale price maintenance policy in violation of the Sherman Act. Plaintiff's argument made by affidavit is that defendant's fixed resale price policy forced him to sell at an unreasonably low price and thereby caused him to lose money. He maintains that, as a result of the illegal acts of defendant, he was unable to pay defendant's bills.

Plaintiff thus relies on the traditional judicial policy of not enforcing illegal contracts. He reasons that, because defendant's wholesale price was tied to defendant's allegedly illegal resale price maintenance policy, to enforce payment of plaintiff's debt would be to enforce an illegal contract.

The United States Supreme Court considered and rejected this argument in a

---

1. Rule 54(b) provides that: "When more than one claim for relief is presented in an action, * * * (or) as a * * * counterclaim * * * the court may direct the entry of a final judg-
ment upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

closely analogous factual context in the case of Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959). In that case Kelly, an onion grower, agreed to purchase onions at the prevailing market price. The agreement between Kelly and Kosuga included reciprocal promises not to deliver onions on the futures market in order to create an artificially high market price after the onions were delivered. Kelly refused to pay the amount due on the contract. Kosuga sued on the contract and Kelly invoked an alleged violation of the Sherman Act as an affirmative defense. The Supreme Court speaking through Justice Brennan declared the agreement not to deliver the onions severable from agreement of purchase and sale. He stated that the purchase and sale was "an intelligible economic transaction in itself" Kelly, supra, 358 U.S. p. 521, 79 S.Ct. p. 432, despite the fact that the defendant had purchased primarily to secure the plaintiff's promise of nondelivery on the futures market. He went on to state at page 521, 79 S.Ct. at page 432:

"[W]hile the nondelivery agreement between the parties could not be enforced by a court, if its unlawful character under the Sherman Act be assumed, it can hardly be said a violation of the Act to give legal effect to a completed sale of onions at a fair price. * * * (w)e do not think it inappropriate or violative of the intent of the parties to give it effect even though it furnished the occasion for a restrictive agreement of the sort here in question."

*Kelly* controls the outcome of the case at bar. Plaintiff purchased the defendant's newspapers at the price charged all other dealers of his class. Even if, as the plaintiff alleges, the contract for the purchase of papers furnished the occasion for the restrictive resale practices of the defendant, this court under the *Kelly* doctrine must enforce the contract since it is a completely separate claim for money owing on goods purchased, and there is no dispute as to a material fact with respect to this claim.

As Judge Freedman stated in Lewis v. Seanor Coal Company, CCH Trade Cases ¶ 72, 189 at 48, 274, Third Circuit, 1967, relying on *Kelly*:

"It is now well established that the remedy for violation of the antitrust law is not avoidance of payments due under a contract, but rather the redress which the antitrust statute establishes, —a private treble damage case."

The granting of summary judgment on this counterclaim settles it in its entirety, and concludes an issue which is completely separable from that raised in the principal complaint and the rest of defendant's counterclaim. It will simplify the issues and thus facilitate the conduct of the trial.

Accordingly defendant's motion for summary judgment on its counterclaim is granted.